NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MATTIE LOMAX,**

*Plaintiff-Appellant*

**v.**

**WAL-MART STORES EAST, MARIE ELENA CASTILLO, JESSY FAIR, CARLOS ESPINOSA, SIGFREDO GOMEZ,**

*Defendants-Appellees*

---

2023-1734

---

Appeal from the United States District Court for the Southern District of Florida in No. 1:09-cv-20901-CMA, Judge Cecilia M. Altonaga.

---

**ON MOTION**

---

PER CURIAM.

## O R D E R

Mattie Lomax moves to waive Public Access to Court Electronic Records (PACER) fees, ECF No. 6. Having considered Ms. Lomax's response to this court's May 22, 2023, order to show cause, we dismiss and deny her motion.

2                                    LOMAX v. WAL-MART STORES EAST

"[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement," *Bowles v. Russell*, 551 U.S. 205, 214 (2007), and, in order to be timely, a notice of appeal must generally be filed within 30 days after entry of final judgment, 28 U.S.C. § 2107(a); Fed. R. App. P. 4(a)(1)(A). Here, Ms. Lomax filed her notice of appeal more than 12 years after the district court order she seeks to appeal. At least because of this untimeliness, we lack jurisdiction over the appeal, and we cannot transfer under 28 U.S.C. § 1631 because the appeal would not be timely in any other court of appeals.

We note that in the past three months, this court has dismissed at least three other appeals by Ms. Lomax for similar untimeliness. *See Lomax v. Miami Police Dep't*, No. 2023-1504, slip op. at 1–2 (Fed. Cir. May 18, 2023) (ten years late); *Lomax v. Cap. Rental Agency, Inc.*, No. 2023-1458, slip op. at 2 (Fed. Cir. June 8, 2023) (13 years late); *Lomax v. Montaldo*, No. 2023-1456, slip op. at 2 (Fed. Cir. June 13, 2023) (three years late). Ms. Lomax is now well aware of the jurisdictional timeliness requirements and is warned that continuing to file such appeals, or prosecuting such appeals already filed, may constitute abuse of the judicial process warranting sanctions.

Accordingly,

IT IS ORDERED THAT:

(1) The appeal is dismissed.

(2) The motion to waive PACER fees is denied.

(3) Each side shall bear its own costs.

                                                                FOR THE COURT

August 22, 2023                          /s/ Jarrett B. Perlow
      Date                               Jarrett B. Perlow
                                         Clerk of Court